# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| SECURIAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CATALINA HILLESTAD; PAMELA HILLESTAD, AS TRUSTEE OF THE HILLESTAD TRUST DATED 12-1-2008; and DOES 1-15,<br><br>Defendants. | Case No. 2:19-CV-00257-WBS-AC<br><br>**JUDGMENT OF DISCHARGE IN INTERPLEADER** |

Upon review and approval of the Stipulation and Order for Entry of Judgment, it appearing that this Court has jurisdiction of the parties and the subject matter set forth in Plaintiff Securian Life Insurance Company's Complaint in Interpleader filed in this action, and for good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. That Securian Life Insurance Company ("Securian Life") issued group term life insurance policy number 70083 (the "Policy") as a part of Allstate Insurance Company's employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). The Policy provides certain group insurance coverage to eligible employees of

Allstate Insurance Company, and the Decedent was an eligible employee. Under the ERISA plan, the Policy provides that Securian Life will pay death benefits to the beneficiary or beneficiaries designated by the covered employee at the time of his or her death if the terms, conditions, and provisions of the policy have been satisfied. The death benefits under the Policy payable by reason of the Decedent's death, and subject to this interpleader action, are $536,000.00.

2. That prior to, and until, November 2016, the Decedent designated Catalina Hillestad as the primary beneficiary and his minor daughter (A.H.) as secondary beneficiary for the Policy. Thereafter, the Decedent changed the beneficiary designation for the Policy and designated the Hillestad Trust dated 12-1-2008 as the primary beneficiary; no contingent beneficiary was designated. When Decedent passed away on August 25, 2018, the Hillestad Trust dated 12-1-2008 was the designated primary beneficiary for the Policy (with Pamela Hillestad listed as the trustee).

3. That shortly after the Decedent's death, on or about August 30, 2018, Securian Life received notice of the Decedent's death and opened a claim for death benefits under the Policy.

4. That between August 30, 2018 and January 31, 2019, Securian Life made several efforts to obtain information related to the Hillestad Trust dated 12-1-2008, as well as sufficient proof of death. On January 31, 2019, Securian Life received a copy of the death certificate regarding the Decedent.

5. That with respect to the death benefits, Securian Life has received and/or is otherwise on notice of competing and adverse claims to the death benefits. The primary beneficiary under the Policy, as designated by the Decedent, is the Hillestad Trust dated 12-1-2008 (with Pamela Hillestad identified as trustee). Catalina Hillestad claims that she is entitled to the death benefits and that the Hillestad Trust dated 12-1-2008 does not exist. Thus, Securian Life is unable to pay the death benefits without being exposed to the risk of double or multiple liability and/or contravening Allstate's ERISA governed employee welfare benefits plan.

6. That on February 11, 2019, Securian Life filed a Complaint in Interpleader in this

| | |
|---|---|
| 1 | Court. |
| 2 | 7. That this case is at issue because the defendants have appeared or had a default |
| 3 | entered. *See,* Answer to Complaint at Dkt. No. 6 and Entry of Default at Dkt. No. 9. |
| 4 | 8. That on July 26, 2019, Securian Life deposited $525,094.69 (consisting of |
| 5 | $536,000.00 death benefits less $15,780.71 (Securian Life's fees and costs) plus applicable |
| 6 | interest) into the Court's Registry. |
| 7 | 9. That Securian Life is a disinterested stakeholder and is indifferent to which |
| 8 | defendant or defendants are entitled to the death benefits payable under the Policy. |
| 9 | 10. That Securian Life is a citizen of the state of Minnesota, and all defendants are |
| 10 | citizens of the State of California. |
| 11 | 11. That the amount in controversy in this action exceeds $75,000 because the subject |
| 12 | death benefits total $536,000.00. |
| 13 | 12. That this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and |
| 14 | Federal Rule of Civil Procedure Rule 22 because Securian Life is diverse in citizenship from |
| 15 | each and every defendant and the amount in controversy exceeds $75,000. "Federal Rule of |
| 16 | Civil Procedure 22 permits interpleader action if the amount in controversy exceeds $75,000 and |
| 17 | if there is complete diversity between the stakeholder and all of the claimants, even if some of |
| 18 | the claimants are citizens of the same state." *Prudential Ins. Co. v. Wells*, 2009 U.S. Dist. |
| 19 | LEXIS 43276, p.2 (N.D. Cal. May 21, 2009); see also, *Gelfren v. Republic Nat'l. Life Ins. Co.*, |
| 20 | 680 F.2d 79, 81, fn1 (9th Cir. 1982). |
| 21 | 13. That this Court also has jurisdiction over this matter pursuant 28 U.S.C. § 1331 |
| 22 | because the Policy is part of an employee welfare benefit plan which is governed by ERISA. |
| 23 | 14. That Securian Life has properly filed the Complaint in Interpleader and stated a |
| 24 | proper cause for interpleader. |
| 25 | 15. That having brought this action and deposited with the Court the subject death |
| 26 | benefits, plus accrued interest, and minus Securian Life's fees and costs, in the amount of |
| 27 | $525,094.69, Securian Life, its predecessors, successors, affiliates, parent corporations, |
| 28 | employees, officers and agents are fully and forever released, discharged and acquitted of any |

liability of any kind or nature whatsoever with respect to the terms of the Policy and/or Plan, the death benefits payable under the Policy and/or Plan, and/or the death of Decedent as to all claims, charges, demands, or otherwise that exist now or may arise at any time in the future.

16. That defendants are permanently enjoined from instituting or prosecuting any proceeding in any state or United States court against Securian Life, its predecessors, successors, affiliates, parent corporations, employees, officers and agents with respect to the terms of the Policy and/or Plan, the death benefits payable under the Policy and/or Plan, and/or the death of Decedent as to all claims, charges, demands, or otherwise that exist now or may arise at any time in the future.

17. That Securian Life is dismissed with prejudice from this action.

18. That this action shall proceed between the defendants.

19. That except for the prior stipulation and Order awarding fees and costs to Securian Life in the amount of $15,780.71, all parties are to bear their own fees and costs with respect to the order and judgment for discharge in interpleader and dismissal with prejudice as to Securian Life.

Dated: September 6, 2019

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE